## 20489

E. Pickens RISH, Appellant, v. THEO BROS. CONSTRUCTION COMPANY, INC., and St. Paul Fire and Marine Insurance Company, of which St. Paul Fire and Marine Insurance Company is the Respondent, and G. E. L., INC., Appellant, v. THEO BROS. CONSTRUCTION COMPANY, INC., and St. Paul Fire and Marine Insurance Company, of which St. Paul Fire and Marine Insurance Company is the Respondent, and B. R. & S., INC., Appellant, v. THEO BROS. CONSTRUCTION COMPANY, INC., and St. Paul Fire and Marine Insurance Company, of which St. Paul Fire and Marine Insurance Company is the Respondent (three cases).

(237 S. E. (2d) 61)

*John W. Hudgens, of Pope and Schumpert, Newberry, and Whaley, McCutchen & Blanton, of Columbia, for Appellants,*

*Lyles, Lyles & Hammett,* of Spartanburg, and *Robert C. Lake, Jr.,* of Whitmire, *for Respondent,*

August 11, 1977.

GREGORY, Justice.

This is an appeal from an order sustaining the demurrers of respondent St. Paul Fire and Marine Insurance Company to three complaints asking for recovery on a payment bond. The parties have agreed that the actions be consolidated for appeal. The question is whether rented construction equipment is "materials" under the bond. We find it is not and affirm the lower court.

For the purposes of the demurrers, it was accepted as true that each appellant rented construction equipment to Theo Bros. Construction Company for that company's use in a contract with the South Carolina State Highway Department, and that Theo Bros. refused to pay the rental. Some $480,000 was alleged to be due.

Appellants sued Theo Bros. and respondent for the rentals. (Respondent had issued a payment bond to Theo Bros. as

required by South Carolina Code Section 33-224 [Cum. Supp. 1975].) Respondent demurred to each complaint on the ground that it did not state facts sufficient to constitute a cause of action. The trial judge sustained the demurrers, saying that rental of equipment was neither labor nor materials under the bond, and citing *South Carolina Supply and Equipment Co. v. James Stewart and Co.,* 238 S. C. 106, 119 S. E. (2d) 517 (1961), and *Kline v. McMeekin Const. Co.,* 220 S. C. 281, 67 S. E. (2d) 304 (1951).

The payment bond was in the language of the statute: "for the protection of all persons supplying labor and materials in the prosecution of work provided for in the contract . . . ." South Carolina Code Section 33-224 (Cum. Supp. 1975).

Appellants petitioned for permission, which we granted, to argue that this Court should modify or overrule its decision in *South Carolina Supply and Equipment Co., supra.* In that case the Court, relying on *Kline, supra,* held that rented scaffolding was not "material" under a payment bond similar to the one in question. [1] We adhere to the ruling in *South Carolina Supply and Equipment Co.*

In that case the bond specifically included rental of equipment "directly applicable to the contract." The contractor did not return part of the scaffolding and the supplier sued the surety for recovery on that part. The Court said the scaffolding was part of the contractor's "plant", available for use on other work: part of the tools, machinery and appliances of the contractor, not consumed in that particular contract or used in connection with only that contract. And the Court did not rest its decision on the fact that the contractor had kept the scaffolding and could therefore actually

---

[1] The bond in *South Carolina Supply and Equipment Co.* was to insure payment "for all labor and material used or reasonably required for use in the performance of the contract." "Labor and material" was defined as including "that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the contract."

use it in later work; rather, the Court said it was the nature of the equipment that was important:

The fact that the scaffolds were to be used only on the project covered by the bond did not change their character as a part of the permanent equipment which the contractor was required to furnish. Their use only on the auditorium job was determined by the lease agreement and not by the character, nature or permanence of the equipment.

*South Carolina Supply and Equipment Co. v. James Stewart and Co., supra,* 119 S. E. (2d) at 521.

In the present case, similarly, the fact that Theo Bros. did not keep the rented equipment is not important. The nature of the equipment—bulldozers, tractors, graders, trucks, etc.—is dispositive. The equipment was the sort that would not have been used on only one contract, but would have become a part of the contractor's permanent "plant" or repertoire of machinery.

Appellants argue that this Court has not yet construed Section 33-224; it having been enacted in 1963 (Act No. 300, Acts and Joint Resolutions, South Carolina, 1963). But in *South Carolina Supply and Equipment Co.,* as we have seen, the same "labor and materials" language was construed, as it was also in *Kline.*

Appellants next argue that Section 33-224 was patterned on the Miller Act (40 U. S. C. A. Sections 270[a] through 270[d]), and that courts interpreting that act and its predecessors have held that rented equipment such as trucks, bulldozers, etc. are "labor and materials." (The leading case is *Illinois Surety Co. v. John Davis Co.,* 244 U. S. 376, 37 S. Ct. 614, 61 L. Ed. 1206 [1917].) Appellants say that when the General Assembly fashions legislation after a statute from another jurisdiction, it is deemed to be familiar with the construction put on that statute by the courts of that jurisdiction; and that construction will normally be adopted, or at least given great weight, by this Court. Ap-

pellants cite *Fuller v. S. C. Tax Commission*, 128 S. C. 14, 121 S. E. 478 (1924), and *Hines v. Hendricks Canning Co.*, 263 S. C. 399, 211 S. E. (2d) 220 (1975), for their argument.

Section 33-224 is substantially like the Miller Act. And the general rule on a statute patterned after that of another jurisdiction is as appellants say: interpretations from the courts of that jurisdiction will be given great weight. But it must be remembered that this rule is merely an adjunct to the finding of the intent of the legislature:

The "general rule that adoption of the wording of a statute from another legislative jurisdiction, carries with it the previous judicial interpretation of the wording . . . is a presumption of legislative intention . . . which varies in strength with the similarity of the language, the established character of the decisions in the jurisdiction from which the language was adopted and the presence or lack of other indicia of intention." *Carolene Products Co. v. United States*, 323 U. S. 18, 26, 65 S. Ct. 1, 89 L. Ed. 15[21], 155 A. L. R. 1371].

*Yates v. U. S.*, 354 U. S. 298, 309-10, 77 S. Ct. 1064, 1072, 1 L. Ed. (2d) 1356 (1957).

When it appears that the legislature did not intend to adopt the judicial decisions of another jurisdiction, this Court will not engraft those decisions upon the statute of our legislature. Here, in enacting Section 33-224, the legislature was using the very words that were the key language in *South Carolina Supply and Equipment Co.*, and *Kline* (albeit, of course, that those same words appeared in the Miller Act). It must be presumed that the legislature was familiar with our holding in *South Carolina Equipment and Supply Co.* and that it intended for "labor and materials" to be construed as it had been in that decision.

The payment bond and performance bond required by Section 33-224 are minimum requirements. The contracting

authority may require any other bond it considers necessary to protect the supplier of construction equipment. South Carolina Code Section 33-224(c) (Cum. Supp. 1975). However, the bond in this case met only the minimum requirements.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.