1236

MORROW CRANE COMPANY, INC., Appellant v. T. R. TUCKER CON-
STRUCTION COMPANY, INC., Hartford Accident and Indemnity
Company, Inc., and Thornton Crosby Development Company, Inc., of
whom Appeal of HARTFORD ACCIDENT AND INDEMNITY COM-
PANY, INC., is Respondent.

(373 S. E. (2d) 701)

Court of Appeals

*Lucia B. Bacot* of *Hudson & Sweeny*, Conway, *for appellant.*

*Joseph F. Singleton* of *Cross, Singleton, Burroughs & Norton*, Conway, *for respondent.*

Heard Sept. 20, 1988.

Decided Oct. 31, 1988.

CURETON, Judge:

Morrow Crane Company, Inc. sued T. R. Tucker Construction Company, Inc. for damages for misuse of equipment supplied by it to Tucker under an equipment lease. Morrow also sought past due payments under the lease. Morrow Crane joined Hartford Accident and Indemnity Company, Inc. to recover the same damages under a labor and materials payment bond issued by Hartford to Tucker. Hartford moved to dismiss Morrow Crane's cause of action against it under S. C. Civ. P. Rule 12(b)(6). From an order granting Hartford's motion, Morrow Crane appeals. We affirm in part, reverse in part and remand.

In its complaint, Morrow Crane alleged it leased a construction crane to Tucker specifically for use in constructing a high-rise condominium project in Horry County. It further alleged the equipment was damaged by Tucker or its agents through negligence or intentional misuse. As a result, Morrow Crane was required to replace parts and make repairs to the equipment. Morrow Crane also alleged that it should recover from Tucker the agreed rental price for the equipment, taxes assessed against the equipment while it was in the possession of Tucker, and interest on the unpaid rent. Morrow Crane's total claim was $31,371.42. As an additional cause of action, Morrow Crane alleged that because Tucker has failed to pay the claim, Hartford is indebted to it as surety under a bond issued by Hartford to Tucker which insured payment for labor and materials used in performance of the contract between Tucker and the condominium owner. Only the latter cause of action is involved in this appeal.

Hartford admitted the bond, Morrow Crane's contract with Tucker, and that it has failed to pay Morrow Crane's claim. Hartford moved to dismiss Morrow Crane's cause of

action against it asserting that its bond did not cover the damages allegedly sustained by Morrow Crane. The trial judge granted Hartford's motion holding these elements of damage, while stating a cause of action against Tucker, failed to state a cause of action against Hartford.

The bond has the standard labor and materials payment provision which creates the obligation of Hartford to "promptly make payment to all claimants as hereinafter defined, for all labor and materials used or reasonably required for use in the performance of the CONTRACT." The bond defines a claimant as:

> [O]ne having a direct contract with the Principal or with a subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or *rental of equipment* directly applicable to the CONTRACT. (emphasis added)

The bond, by its express terms, provides for payment for all labor and materials used or reasonably required to be used in performing the contract between Tucker and the developer of the condominiums. The liability of Hartford centers around whether or not Morrow Crane furnished labor and materials as contemplated by the bond.

A motion to dismiss under Rule 12(b)(6) cannot be sustained if the facts alleged in the complaint and inferences reasonably deducible therefrom would entitle plaintiff to any relief on any theory of the case. *Brown v. Leverette*, 291 S. C. 364, 353 S. E. (2d) 697 (1987). The trial court and this court on appeal must presume all well pled facts to be true. 2A J. Moore, J. Lucas, G. Grotheer, *Moore's Federal Practice* Section 12.07[2.-5] (2d ed. 1987). Hartford concedes in its brief the rental charges claimed by Morrow Crane are expressly covered by the terms of the bond. Because we construe the terms of the equipment lease to include personal property taxes and interest on past due monthly rents as additional rent, these sums are also expressly covered by the bond.

In the case of *South Carolina Supply & Equipment Co., v. James Stewart & Company, Inc.*, 238 S. C. 106, 119 S. E. (2d) 517 (1961), the court considered whether missing rented scaffold equipment would be covered by a labor and materials payment bond. The court stated in determining the scope of the bond's coverage:

> [T]he underlying equities require discrimination between labor and materials consumed in the work or in connection therewith and those made use of in furnishing the so-called contractor's plant and available not only for the particular contract, but for other work. Tools, machinery and appliances used by the contractor, although worn out in the progress of the work, are not such labor and materials as are ordinarily contemplated by contractor's bonds. (Citations omitted).

*Id.* at 113, 119 S. E. (2d) at 521. The court went on to state:

> We are of the opinion that the scaffold equipment, while necessary to the prosecution of the contractor's work, must be classified as a part of the tools, appliances and equipment used by the contractor, and constitutes an item in his so-called plant. The fact that scaffolds may be leased, as was done here, instead of purchased by the contractor does not change the character of the item as one forming a part of the equipment necessary for the performance of the contract. If the scaffolds had been purchased by the contractor, the bond would not cover the purchase price in the event of failure to pay, because it is undisputed that they would form a part of the contractor's equipment with a useful life beyond that of the present job. (Citation omitted) There can be no difference insofar as the coverage of the bond in question is concerned between an obligation of the contractor to pay the purchase price of the scaffolds and an obligation to pay for their conversion while leased from another.

*Id.* at 113, 119 S. E. (2d) at 521.

*Rish v. Theo Brothers Construction Co., Inc.*, 269 S. C. 226, 237 S. E. (2d) 61 (1977) reaffirmed *South Carolina Supply* and held rented construction equipment was not included in

materials covered by the bond. The court held "[t]he nature of the equipment—bulldozers, tractors, graders, trucks, etc.—is dispositive. The equipment was the sort that would not have been used on only one contract, but would have become a part of the contractor's permanent 'plant' or repertoire of machinery." *Id.* at 231, 237 S. E. (2d) at 63.

Morrow Crane argues the case of *Kline v. McMeekin Construction Co.*, 220 S. C. 281, 67 S. E. (2d) 304 (1951) is support for its position that a question of fact exists as to whether the repairs were covered by Hartford's bond. In *Kline*, the court held four sixty-foot steel beams were an essential part of a derrick used to raise other beams for construction of a bridge and were substantial items of equipment. They were not consumed or depreciated during use and were available for use in the future, thereby becoming a part of the general plant and equipment of the contractor. The court reasoned the beams were heavy equipment and not such materials and supplies within the purview of the bond. The case quotes with approval the following language from *Clifton v. Norden*, 178 Minn. 288, 226 N. W. 940, 941 (1929):

> There are minor things about machinery which are short-lived and subject to frequent destruction and replacement. The underlying equity requires discrimination between labor and materials consumed in the work or in connection therewith, and labor and materials made use of in furnishing the so-called contractor's plant, and available not only for this, but for other work. * * * It has, however, no necessary relation to repairs of an incidental and comparatively inexpensive character, made on the plant during the progress of the work, representing only * * * orinary wear and tear or its equivalent * * *

As in *South Carolina Supply & Equipment Co.* and *Rish*, the crane involved here is not the sort of equipment that would have been used for only one contract. Consequently, it must be considered a part of the contractor's permanent "plant" or "repertoire of machinery." Likewise, there is no merit to Morrow Crane's claim that the repairs and parts replacement costs meet the *Clifton v. Norden* test of being of an incidental and comparatively

inexpensive character "representing only ordinary wear and tear or its equivalent." Morrow Crane's complaint alleges the repairs and parts replacement were necessitated not by ordinary wear and tear, but due to the negligent and conscious misuse of the equipment by Tucker. We therefore agree with the trial judge that the portion of Morrow Crane's claim covering costs to install or replace parts and to make repairs to the crane are not covered by Hartford's bond.

Accordingly, the order of the trial judge is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.

SHAW and BELL, JJ., concur.