23137

HARDIN CONSTRUCTION GROUP, INC., and Fidelity and Deposit Company of Maryland, Plaintiffs v. CARLISLE CONSTRUCTION COMPANY and Concrete Services, Inc., Defendants.

(388 S. E. (2d) 794)

Supreme Court

*Peter D. Hyman* and *Mary Wells* of *Hyman, Brown, Jeffords, Rushton & Hatfield,* Florence, and *Richard J. Storrs* and *Robert O. Fleming, Jr.* of *Smith and Fleming,* Atlanta, *for plaintiffs.*

*Judith Honeycutt* and *Preston B. Haines, III*, both of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers*, Myrtle Beach, *for defendant, Carlisle Const. Group.*

*Robert J. Moran, Jr.* of Murrells Inlet, *for defendant, Concrete Services, Inc.*

Heard Dec. 4, 1989.

Decided Jan. 22, 1990.

GREGORY, Chief Justice:

This is a certified question seeking a determination ■ ■ whether a subcontractor can claim a mechanic's lien under S. C. Code Ann. § 29-5-20 (Supp. 1988)[1] for rental charges on leased equipment used in construction.

Plaintiff Hardin Construction Group, Inc. (Hardin), a general contractor, subcontracted with Tiller Construction Company (Tiller) to perform certain parts of a construction contract. Tiller entered a rental agreement with defendant Carlisle Construction Company (Carlisle) to lease two construction cranes on site. Tiller used the rented cranes in constructing a high-rise building and returned the cranes to Carlisle. Carlisle performed no work on the construction project other than erecting and dismantling the cranes. Tiller subsequently breached its contract with Hardin. Various parties, including Carlisle, filed mechanics' liens claiming nonpayment by Tiller. Hardin filed surety bonds to discharge the liens as provided in S. C. Code Ann. § 29-5-110 (Supp. 1988). Hardin and its surety, plaintiff Fidelity and Deposit Company of Maryland (Fidelity), commenced this action for declaratory judgment to determine the rights and obligations of the various parties.

Our mechanic's lien statute provides that debts for "labor performed" or "materials furnished" are lienable debts. S. C. Code Ann. § 29-5-10 (Supp. 1988). Hardin and Fidelity contend Carlisle is not entitled to a mechanic's lien and rely on *Rish v. Theo Bros. Construction Co.*, 269 S. C. 226, 237 S. E. (2d) 61 (1977), for the proposition that rental charges do not qualify as labor or materials under the statute. *Rish*

---

[1] S. C. Code Ann. § 29-5-10 (Supp. 1988) actually defines a mechanic's lien; section 29-5-20 specifically applies to subcontractors seeking a lien.

construes the phrase "labor and materials" in S. C. Code Ann. § 57-5-1660 (1976) to exclude rental charges from contractors' payment bonds in the context of public highway construction. Carlisle seeks to distinguish payment bonds and mechanics' liens and asks this Court to construe the mechanic's lien statute to allow a lien for rental charges.

A survey of the law of other jurisdictions reveals the majority of jurisdictions with statutes similar to ours do not allow a mechanic's lien for rental charges when the lessor does not supply the equipment operators. *See, e.g., Giles & Ransome, Inc. v. First Nat'l Realty Corp.*, 238 Md. 203, 208 A. (2d) 582 (1965); *see generally* 53 Am. Jur. (2d) *Mechanic's Liens* § 103 (1970); *Annot.*, 3 A.L.R. (3d) 573 (1965). We adopt this analysis and construe § 29-5-10 to exclude rental charges for leased equipment when operators are not supplied by the lessor. This statutory construction is consistent with our decision in *Rish.*

Applying this analysis to be the facts before us, Carlisle is not entitled to a mechanic's lien under § 29-5-20.

Certified question answered.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.