24279

SYRO STEEL COMPANY, Respondent v. EAGLE CONSTRUCTION COMPANY, INC. and Safeco Insurance Company of America, Appellants.

(460 S.E. (2d) 371)

Supreme Court

*Adam Fisher, Jr.,* Greenville, *for appellants.*

*Craig Allen, Williams & Henry, P.A.,* Greenville, *for respondent.*

Heard May 30, 1995.

Decided July 24, 1995.

Burnett, Justice:

Syro Steel Company (Syro) sued Eagle Construction Company, Inc. (Eagle) and Safeco Insurance Company of America (Safeco) for recovery on a South Carolina highway construction bond under S.C. Code Ann. § 57-5-1660 (1991). The Master entered judgment for Syro, and Eagle and Safeco appeal. We affirm.

## FACTS

Eagle was the primary contractor for a highway construction project. Safeco provided a payment bond, required by § 57-5-1660, to Eagle for the protection of persons supplying labor and materials for the project. Eagle subcontracted with Taylor Guardrail and Pavement Marking, Inc. (Taylor) to install guardrail at the project site. Taylor in turn subcontracted with Syro to supply the guardrail.

Delivery of guardrail was made by Syro to a holding yard provided by Taylor. Taylor would transport the guardrail to the project site as needed. Syro never delivered any guardrail directly to th project site.

Eagle paid Taylor for its work on the project. Taylor, however, did not satisfy its indebtedness to Syro and subsequently filed for bankruptcy. At trial, the Master found that Syro had properly notified Eagle of its potential liability on the bond as required by § 57-5-1660 and granted Syro judgment against Eagle and Safeco.

## ISSUE

Does South Carolina's Highway Construction Payment Bond Statute, § 57-5-1660, require delivery to the project site in order for a supplier to recover on the bond?

## DISCUSSION

Eagle and Safeco argue that because Syro delivered the guardrail to Taylor's holding yard instead of the project site, they are not liable under the payment bond. We disagree.

Section 57-5-1660 provides that a contractor for a public highway construction contract must secure

> [a] payment bond with a surety or sureties satisfactory to the awarding authority, and in the amount of not less

than fifty per cent of the contract, *for the protection of all persons supplying labor and materials* in the prosecution of work provided for in the contract for the use of each such person. . . . *[P]rovided,* however, that any person having *direct contractual relationship with a sub-contractor* but no contractual relationship expressed or implied with the contractor furnishing the bond shall have a right of action upon the bond. . . .

(First and third emphasis added.)

Section 57-5-1660 is patterned after the federal Miller Act, 40 U.S.C.A. §§ 270a & 270b (1986). Hence, our statute is sometimes referred to as the "little Miller Act." Absent a contrary expression of legislative intent, cases construing the federal Miller Act will be given great weight in the interpretation of its South Carolina counterpart. *Rish v. Theo Bros. Const. Co., Inc.,* 269 S.C. 226, 237 S.E. (2d) 61 (1977).[1]

Delivery of supplies and material to the project site is not a prerequisite to recovery for suppliers. *E.g., U.S. for Use of Pomona Tile Mfg. Co. v. Kelley,* 456 F. (2d) 148 (9th Cir. 1972). In *U.S. for Use of Carlson v. Continental Casualty Co.,* 414 F. (2d) 431, 433 (5th Cir. 1969), the court held that

> Several well-established principles have emerged from Miller Act cases. It is fundamental that in order for a materialman to recover under the Act it is necessary only that he show that the materials were supplied in prosecution of the work provided for in the contract, that he has not been paid therefor, [and] that in good faith he had rea-

---

[1] Eagle and Safeco argue that the holding in *Rish* is that our state courts *do not* give weight to federal cases construing the federal Miller Act. We disagree. *Rish* held that "the general rule on a statute patterned after that of another jurisdiction is as appellants say: interpretations from the courts of that jurisdiction will be given great weight." 269 S.C. at 232, 237 S.E. (2d) at 63. The *Rish* court chose not to apply that general rule, however, because of South Carolina case law which was contrary to the Miller Act decisions. Thus, *Rish* stands for the proposition that our courts give Miller Act decisions great weight *unless* there is contrary state law. In this case, there is no contrary state law applicable, and therefore we are guided by the Miller Act decisions in resolving this issue.

son to believe the materials were intended for the speci-fied work. . . . *It is immaterial to his right of recovery that the materialman deliver the materials to the jobsite or that such materials actually be used in the prosecution of the work.*

(Emphasis added.)

Sound policy considerations support this rule. *See U.S. for Use of Color Craft Corp. v. Dickstein,* 157 F. Supp. 126 (E.D.N.C. 1957). Logistically, there may be no convenient place to store all of the materials at the project site. This is especially true with regard to highway construction projects where supplies are stored along the roadside. Security is another factor; generally, a holding yard is a more secure place than a roadside project site to store materials until incorporation.

■ Suppliers, subcontractors, and contractors have established a system of delivery and installation that is convenient and cost effective. Eagle and Safeco propose a rule that would alter this system, yet they offer no convincing justification for such a change. As the federal courts addressing this issue have done, we decline to adopt a delivery requirement that would disregard the realities of highway construction. *See Rish, supra.*[2]

Affirmed.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

[2] All other arguments made by Eagle and Safeco are manifestly without merit and are disposed of pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Moore Elec. Supply, Inc. v. Ward,* — S.C. —, 450 S.E. (2d) 96 (Ct. App. 1994); *U.S. for Use of Carlson v. Continental Casualty Co., supra; Degenhart v. Knights of Columbus,* 309 S.C. 114, 420 S.E. (2d) 495 (1992) (issue on which the master-in-equity never ruled and which was not raised in posttrial motions is not properly before this Court); and *Recco Tape and Label Co., Inc. v. Barfield,* — S.C. —, 439 S.E. (2d) 838 (1994) (exclusion of evidence within sound discretion of trial judge).