699 S.E.2d 699

**HHHUNT CORPORATION, Eddy Huckabee and Eugenia Mabry Huckabee, Appellants,**

v.

**TOWN OF LEXINGTON, Respondent.**

No. 4731.

Court of Appeals of South Carolina.

Submitted April 1, 2010.

Decided Aug. 25, 2010.

624

626

628

John F. Beach and John J. Pringle, Jr., of Columbia, for Appellants.

Clifford O. Koon, Jr., and Robert L. Brown, of Columbia, for Respondent.

R. Hawthorne Barrett and Danny C. Crowe, of Columbia, for Amicus Curiae Municipal Association of South Carolina.

GEATHERS, J.

Appellants HHHunt Corporation (Hunt), Eddy Huckabee, and Eugenia Mabry Huckabee (collectively Appellants) brought this action against Respondent Town of Lexington (the Town), seeking an order requiring the Town to provide water and wastewater services to the Huckabees' parcel in Lexington County, outside the Town's territorial limits. Appellants challenge the circuit court's order dismissing their complaint pursuant to Rule 12(b)(6), SCRCP. We affirm in part, reverse in part, and remand for further proceedings.

## FACTS/PROCEDURAL HISTORY

The Huckabees own a nineteen-acre parcel (the Property) located on Sunset Boulevard in Lexington County and surrounded by the Town's territorial limits. The Huckabees have entered into a contract to sell the Property to Hunt, and Hunt intends to establish a mixed-use development on the Property consisting of approximately 250 residential units. In early 2007, Hunt sought to have the Property annexed into the Town, but the Lexington Town Council denied the annexation request and preemptively denied any request for water and sewer service that might be made in connection with the Property.

Appellants then brought this action seeking an order requiring the Town to provide water and wastewater services to the Property. Their complaint includes the following causes of action: "Violation of the [Town's] Ordinances;" "Violation of Various Contractual and Statutory Obligations;" "Violation of [Appellants'] Fifth and Fourteenth Amendment Rights (42 U.S.C. § 1983);" "Waiver/Estoppel/Vested Right;" "Mandamus;" "Injunction;" and "Declaratory Judgment." In support of these causes of action, Appellants alleged that in 1985, the Huckabees granted the Town a "Water Line Easement" across the Property. By means of this easement, the Town agreed to provide water service to the Property. A copy of the easement document states, in pertinent part, the following:

By acceptance and recording of this easement and right of way the Town of Lexington agrees to provide the grantors two ¾ inch water taps free of charge at any time in the future to serve their property upon which this easement is located, provided that the property is annexed into the Town of Lexington *at that time.*

(emphasis added).[1] As a result of the easement, the Town's water facilities "cross and physically occupy a portion of the property."

Appellants also claimed that with the Town's full knowledge, the Huckabees constructed a sewer line for connection to the Town's sanitary sewer system and paid the Town $1,350 for it to inspect the line and to process and review the Huckabees' application for approval of the line. As part of the application process, the Huckabees obtained a Wastewater Construction permit from the South Carolina Department of Health and Environmental Control (DHEC) to construct a sanitary sewer system to connect to the Town's system. Appellants further alleged that the Central Midlands Regional Planning Council certified that the Huckabees' proposed sewer line conformed to the local water quality management plan required by the federal Clean Water Act. Although the Town's Planning Commission recommended granting Hunt's request to annex the Property, the Lexington Town Council declined to annex the Property or to provide water and sewer services to the Property.

Appellants argued that the Town's ordinances give no authority to the Town Council to rule on requests for water and wastewater services and that the Town Council's reasons for refusing these services were unrelated to considerations applicable to water and wastewater services as set forth in the Town's ordinances. Appellants also maintained that the Town has been providing water and wastewater services to each

---

1. We presume that when Appellants attached a copy of the easement document as an exhibit to the complaint, they intended for it to be incorporated into the complaint even though they did not specifically indicate that they were incorporating the document by reference to it. *See* Rule 10(c), SCRCP ("A copy of any plat, photograph, diagram, document, or other paper which is an exhibit to a pleading is a part thereof for all purposes if a copy is attached to such pleading."); *see also Brazell v. Windsor,* 682 S.E.2d 824, 826, 384 S.C. 512, 512 (2009) (citing Rule 10(c)).

parcel contiguous to and surrounding the Property and that the Town routinely provides water and wastewater services to parcels located outside its territorial limits and to customers similarly situated to Appellants. The Town filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), SCRCP, for failure to state facts sufficient to constitute a cause of action. The circuit court granted the motion, and this appeal followed.

## ISSUES ON APPEAL

1. Did the circuit court err in ruling that the complaint failed to allege facts showing the Town's duty to provide water or wastewater services to the Property?

2. Did the circuit court err in summarily ruling that the Town's status as a designated management agency pursuant to section 208 of the Clean Water Act, 33 U.S.C. § 1288, and the South Carolina Pollution Control Act, S.C.Code Ann. § 48–1–10 to –350 (2008 & Supp. 2009), does not create a duty to provide wastewater service to the Property?

3. Did the circuit court err in concluding that the Town's ordinances do not create a duty to provide utility services to non-residents?

4. Did the circuit court err in concluding that Appellants failed to plead causes of action based on their Fifth Amendment rights?

5. Did the circuit court err in concluding that the Town cannot be estopped from denying water and wastewater services to the Property?

6. Did the circuit court err in dismissing Appellants' causes of action for mandamus, injunction, and declaratory relief?

## STANDARD OF REVIEW

In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court. *Doe v. Marion,* 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007). In considering a motion to dismiss a complaint based on a failure to state facts sufficient

to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint. *Id.*

In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the facts and inferences drawn from the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, state any valid claim for relief. *Brazell v. Windsor,* 384 S.C. 512, 515, 682 S.E.2d 824, 826 (2009). "The trial court and this [C]ourt on appeal must presume all well pled facts to be true." *Morrow Crane Co. v. T.R. Tucker Constr. Co.,* 296 S.C. 427, 429, 373 S.E.2d 701, 702 (Ct.App.1988). "[P]leadings in a case should be construed liberally so that substantial justice is done between the parties. Further, a judgment on the pleadings is considered to be a drastic procedure by our courts." *Russell v. City of Columbia,* 305 S.C. 86, 89, 406 S.E.2d 338, 339 (1991) (citation omitted). The complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action. *Doe,* 373 S.C. at 395, 645 S.E.2d at 248.

## LAW/ANALYSIS

### I. *Failure to plead a duty*

Appellants contend that the circuit court erred in ruling that their complaint failed to allege facts showing the Town's duty to provide water or wastewater services to the Property. We agree.

### A. *Breach of Contract claim*

■ Here, Appellants asserted the following pertinent facts in their complaint: "In 1985, the Huckabees granted [the Town] a 'Water Line Easement' across the Property. By means of this 'Water Line Easement', [the Town] agreed to provide water service to serve the Property." Appellants also attached the easement document to their complaint. The pertinent provisions state:

By acceptance and recording of this easement and right of way the Town of Lexington agrees to provide the grantors two ¾ inch water taps free of charge at any time in the future to serve their property upon which this easement is located, provided that the property is annexed into the Town of Lexington *at that time.*

(emphasis added). Thus, the complaint alleges that the Huckabees and the Town entered into a contract for the provision of water service. Further, in paragraph 59 of the complaint, Appellants allege that the Town breached the contract by refusing to provide water and wastewater services to the Property.

The Town contends that the contract is subject to the condition precedent that the Property must be annexed into the Town's territorial limits.[2] The Town argues that because the Property has not been annexed, the Huckabees have not satisfied the condition precedent and therefore the complaint fails to state a contractual duty to provide water and wastewater services. We disagree.

■ In evaluating a 12(b)(6) motion, the trial court and this Court "must presume all well pled facts to be true." *Morrow*, 296 S.C. at 429, 373 S.E.2d at 702. Further, a court should not dismiss the complaint merely because the court doubts the plaintiff will prevail in the action. *Doe*, 373 S.C. at 395, 645 S.E.2d at 248. Therefore, we find it improper to examine the merits of a contractual defense, such as a condition precedent, in determining the sufficiency of the complaint's factual allegations to support a breach of contract cause of action. Viewing the complaint's allegations, and the inferences from them, in the light most favorable to Appellants, we find that they have pled facts sufficiently specific to state a claim for breach of contract.

B. *Equal Protection claim*

■ Appellants' complaint also states facts sufficient to support a claim for violation of their equal protection rights. Under our federal and state constitutions, no person shall be denied the equal protection of the laws. U.S. Const. amend. XIV, § 1; S.C. Const. art. I, § 3. To satisfy equal protection, a municipality's classification must meet the following criteria: (1) the classification must bear a reasonable relation to the legislative purpose sought to be achieved; (2) members of the class must be treated alike under similar circumstances; and (3) the classification must rest on some rational basis. *Sunset*

---

2. The Municipal Association of South Carolina has filed an amicus brief in support of the Town's position.

*Cay, LLC v. City of Folly Beach*, 357 S.C. 414, 428, 593 S.E.2d 462, 469 (2004).[3]

Here, Appellants have alleged "[u]pon information and belief, the [Town] routinely provides water and sewer service to customers similarly situated to [Appellants]" and "the [Town] routinely agrees to provide water and sewer service outside its municipal boundaries in circumstances similar, if not identical, to those applicable to [Appellants]." At the 12(b)(6) stage of the proceedings, the court must accept these factual allegations as true. *See Morrow*, 296 S.C. at 429, 373 S.E.2d at 702 ("The trial court and this [C]ourt on appeal must presume all well pled facts to be true.").

The Town argues that the *Sunset Cay* opinion precludes Appellants' equal protection argument because our Supreme Court rejected the equal protection argument in that case. However, in that opinion, the Court noted that any disparate treatment within the class was relatively insignificant:

> City has created two classes—one consisting of residents inside the C–1 and C–2 districts and one consisting of residents outside those districts. City *generally* has treated residents within each of those classes alike under similar circumstances, *although City admits it previously has extended sewer service to at least one property in a C–3 district.*

357 S.C. at 429, 593 S.E.2d at 469 (emphases added).

Here, according to the allegations of Appellants' well pled complaint, the Town, unlike the municipality in *Sunset Cay*, *routinely* provides water and wastewater services *outside* its municipal boundaries in circumstances similar, if not identical, to those applicable to Appellants. Viewing these allegations, and the inferences from them, in the light most favorable to Appellants, they have pled facts sufficiently specific to state a claim for violation of their equal protection rights.

---

3. The rational basis standard, not strict scrutiny, is applied in an action involving water and wastewater services because the classification at issue does not affect a fundamental right and does not draw upon inherently suspect distinctions such as race, religion, or alienage. *See Sunset Cay*, 357 S.C. at 428–29, 593 S.E.2d at 469 (holding that the rational basis standard applied to a developer's case challenging limits on the expansion of a city's wastewater system).

Based on the foregoing, the circuit court erred in ruling that Appellants' complaint failed to allege facts showing a duty on the part of the Town to provide water or wastewater services to the Property.

## II. *Clean Water Act*

 Appellants claim that the circuit court erred in summarily concluding that the Town's status as a designated management agency (DMA) pursuant to section 208 of the Clean Water Act, 33 U.S.C. § 1288 (section 208), and the South Carolina Pollution Control Act, S.C.Code Ann. §§ 48-1-10 to -350 (2008 & Supp. 2009), does not create a duty to provide wastewater service to the Property. We disagree.

██ In their complaint, Appellants state that they are "*informed and believe* that the [Town's] status as the Section 208 DMA *requires* the [Town] to provide water and wastewater services to all landowners in its service area, provided that the service is available." (emphases added). Appellants argue that the circuit court was obligated to accept this allegation as true. However, on a 12(b)(6) motion, the court is required to presume all well pled *facts*, not propositions of law, to be true. *See Morrow*, 296 S.C. at 429, 373 S.E.2d at 702 ("The trial court and this [C]ourt on appeal must presume all well pled facts to be true."). Appellants cannot transform an unsupported proposition of law into a statement of fact merely by stating that they are informed and believe it to be so. Appellants do not cite in their brief any case law recognizing a DMA's duty to provide wastewater services under either section 208 or the South Carolina Pollution Control Act. Further, they fail to explain in their brief why they believe the Town's DMA status is accompanied by such a duty. Therefore, Appellants have not presented to this Court any valid theory of relief to which they are entitled. *See Brazell*, 384 S.C. at 515, 682 S.E.2d at 826 (holding that in deciding whether a 12(b)(6) dismissal is proper, the appellate court must consider whether the facts and inferences alleged in the complaint state *any valid claim for relief* and that if the facts and inferences would *entitle the plaintiff to relief on any theory*, then dismissal for failure to state a claim is improper). Because Appellants' argument concerning the Town's duty as a DMA is conclusory, we deem it abandoned. *See R & G*

*Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct.App.2000) (holding that an issue is abandoned if the appellant's brief treats it in a conclusory manner); *see also State v. Colf,* 332 S.C. 313, 322, 504 S.E.2d 360, 364 (Ct.App.1998) (finding a conclusory, two-paragraph argument that cited no authority other than an evidentiary rule was abandoned).

Based on the foregoing, we must affirm the circuit court's conclusion that the Town's DMA status does not create a duty to provide wastewater service to the Property.

### III. *Ordinances*

Appellants assert the circuit court erred in ruling that the Town's ordinances do not create a duty to provide utility services to non-residents. We disagree.

In their complaint, Appellants alleged that in refusing their request for service, the Town Council failed to apply any of the specific mandatory criteria from the Town's water and sewer ordinances and that the Town Council had no authority to rule on service requests. Appellants further alleged that none of the reasons articulated by Town Council in its March 5, 2007 meeting qualified as permissible criteria for a service request. The circuit court addressed this particular cause of action by stating that there are no provisions in the Town's water and sewer service ordinances that prevent the Town Council from addressing, granting, or denying water or sewer services to any prospective customer. The circuit court further stated that the Town Council was well within its authority to address and deny water and sewer services. The circuit court then stated "[a]ccordingly, any allegation that the Town of Lexington in any way violated its own Town Ordinances is without merit and must be dismissed for failure to state a claim upon which relief could be granted."

Appellants do not cite in their brief any specific provision in the Town's ordinances that Town Council has violated or that creates even an implied duty to provide water service to non-residents. Therefore, Appellants have not presented to this Court any valid theory of relief to which they are entitled. *See Brazell,* 384 S.C. at 515, 682 S.E.2d at 826 (holding that in deciding whether a 12(b)(6) dismissal is proper, the appellate

court must consider whether the facts and inferences alleged in the complaint state any valid claim for relief). Further, Appellants do not cite any law supporting their proposition that the Town has no authority to rule on service requests. Therefore, Appellants have abandoned these arguments, and we must affirm the circuit court's ruling that the Town's ordinances do not create a duty to provide utility services to non-residents. *See Duckett by Duckett v. Payne*, 279 S.C. 94, 96, 302 S.E.2d 342, 343 (1983) ("[T]he appellant carries the burden of convincing this Court that the trial court erred."); *R & G*, 343 S.C. at 437, 540 S.E.2d at 120 ("An issue is deemed abandoned if the argument in the brief is only conclusory.").

### IV. *Substantive Due Process*

 Appellants contend that the circuit court erred in concluding that they failed to plead a cause of action based on substantive due process. We disagree.

Appellants do not explain how the facts pled in their complaint state a claim for violation of their substantive due process rights or cite any authority to support this contention. Therefore, Appellants have not presented to this Court any valid theory of relief to which they are entitled, and they have abandoned their substantive due process argument. *See R & G*, 343 S.C. at 437, 540 S.E.2d at 120 ("An issue is deemed abandoned if the argument in the brief is only conclusory."). Accordingly, we must affirm the circuit court's ruling on this issue.

### V. *Estoppel*

 Appellants maintain that the circuit court erred in concluding that the Town cannot be estopped from denying water and wastewater services to the Property. We agree. Appellants also maintain the circuit court improperly stated that the Town has not acted in any manner that would induce Appellants to believe that they would be granted water or wastewater services before the Property was annexed into the Town. We agree.

 Generally, estoppel will not lie against a governmental body for the unauthorized acts of its officers and agents. *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 87, 221

S.E.2d 773, 776 (1976). However, where the officers or agents of a governmental body act within the proper scope of their authority, a municipality cannot escape liability on a contract within its power to make, on the ground that the officer executing it on its behalf was not technically authorized to do so, where he was the proper person to enter into such a contract. *Id.* In *Townes,* our Supreme Court held that the City of Greenville was estopped to deny a contract when the officer executing the contract was a proper person to enter into such a contract. *Id.* at 87–88, 221 S.E.2d at 776.

■■■ If estoppel is applicable against a government agency, a relying party must prove: (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) justifiable reliance upon the government's conduct; and (3) a prejudicial change in position. *Grant v. City of Folly Beach,* 346 S.C. 74, 80, 551 S.E.2d 229, 232 (2001).

Here, Appellants have alleged in their complaint that the Town entered into a contract with the Huckabees to provide water service to the Property and that the Town's employees took additional specific actions on which Appellants relied by making substantial investments in water and wastewater facilities located on the Property. Appellants further alleged that they made these investments with the Town's full knowledge and acceptance of fees in connection with the construction of water and wastewater facilities. Appellants have also alleged that after they made these substantial investments, obtained governmental approvals, and paid fees to the Town, the Town's legislative body improperly voted to deny annexation and utility services for the Property.

We believe Appellants have pled facts sufficient to constitute a cause of action for equitable estoppel. Therefore, the circuit court erred in dismissing the cause of action by concluding that the Town cannot be estopped from denying utility services to the Property. Further, the circuit court's statement that the Town has not acted in any manner that would induce Appellants to believe that they would be granted utility services before the Property was annexed is misleading because it presupposes that the parties' contract made annexation a condition precedent to any duty of performance. Such a conclusion is inappropriate within the context of a 12(b)(6)

motion. *See Doe*, 373 S.C. at 395, 645 S.E.2d at 248 (holding that, in evaluating a 12(b)(6) motion, a court should not dismiss the complaint "merely because the court doubts the plaintiff will prevail in the action"). Therefore, the circuit court erred in making this statement.

### VI. *Mandamus, Injunction, and Declaratory relief*

■ Finally, Appellants contend that the circuit court erred in dismissing their causes of action for mandamus, injunction, and declaratory relief. We agree.

As to Appellants' cause of action for declaratory relief, the Uniform Declaratory Judgments Act, S.C.Code Ann. §§ 15–53–10 to –140 (2005), provides in pertinent part as follows:

> Any person interested under a deed, will, *written contract or other writings constituting a contract* or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

S.C.Code Ann. § 15–53–30 (2005) (emphasis added). Because Appellants have pled that they have a contract with the Town, they are entitled to seek declaratory relief under section 15–53–30 to determine the Town's contractual duty to provide water and wastewater services to Appellants.

■ Likewise, Appellants are entitled to seek injunctive relief. An injunction may be granted where some irreparable injury is threatened for which the parties have no adequate remedy at law. *Sanford v. S.C. State Ethics Comm'n*, 385 S.C. 483, 496, 685 S.E.2d 600, 607 (2009). Here, Appellants have alleged in their complaint that they will be irreparably harmed if they are unable to obtain water and wastewater services from the Town because they have no other alternative for these services. They also state that they have no adequate remedy at law because the Town's ordinances provide no method by which an aggrieved party can seek review of a decision to deny a water or wastewater permit. Moreover, because denial of the requested services would severely restrict Appellants' use of their property, it is unlikely that

money damages would provide an adequate remedy. *See K–Mart Corp. v. Oriental Plaza, Inc.,* 875 F.2d 907, 915 (1st Cir.1989), *cited in CVM Holdings, LLC v. Gamma Enters., Inc.,* No. 5:10–CV–103–BO, 2010 WL 2541093, at * 2 (E.D.N.C. June 22, 2010) ("Real estate has long been thought unique, and thus, injuries to real estate interests frequently come within the ken of the chancellor.").

As to a writ of mandamus requiring the performance of an act, Appellants must assert facts supporting the following elements: (1) a duty to perform the act; (2) the ministerial nature of the act; (3) the petitioner's specific legal right for which discharge of the duty is necessary; and (4) a lack of any other legal remedy. *See Sanford,* 385 S.C. at 494, 685 S.E.2d at 606 (setting forth the elements necessary to obtain a writ of mandamus). Appellants have asserted facts, which if taken as true, establish a clear duty of performance under the Town's contract with the Huckabees. Because the duty alleged is not discretionary, and because Appellants have alleged that they have no other remedy to obtain the utility services, they have asserted facts sufficient to state a claim for entitlement to a writ of mandamus.

## CONCLUSION

Accordingly, we affirm the circuit court's conclusions that the Town's DMA status does not create a duty to provide wastewater services to the Property and that the Town's ordinances do not create a duty to provide utility services to non-residents. We also affirm the circuit court's conclusion that the complaint failed to state a cause of action for violation of substantive due process. We reverse the circuit court's conclusion that the complaint failed to allege any facts showing the Town's duty to provide water or wastewater services to the Property as well as the conclusion that the complaint failed to allege facts supporting causes of action for breach of contract, equal protection, estoppel, mandamus, injunction, and declaratory relief. We remand this case for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

CURETON, A.J., concurs.

PIEPER, J., concurring in part and dissenting in part.

I concur in the majority's decision to reverse the circuit court's dismissal of Appellants' claims for breach of contract, equal protection, estoppel, mandamus, injunction, and declaratory relief. However, I respectfully dissent as to the finding that Appellants abandoned their claims pursuant to the Clean Water Act, municipal ordinances, and the Due Process clause. Instead, I would find Appellants alleged sufficient facts in their complaint on these claims to withstand a motion to dismiss. Accordingly, I would reverse the dismissal of Appellants' complaint in full and remand for a trial. *See Rydde v. Morris,* 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) (finding this court must construe the complaint in the light most favorable to Appellants to determine if the facts alleged and inferences reasonably deducible therefrom would entitle Appellants to relief on any theory of the case); *Ashley River Props. I, LLC v. Ashley River Props. II, LLC,* 374 S.C. 271, 278, 648 S.E.2d 295, 298 (Ct.App.2007) (finding the trial court's grant of a motion to dismiss will be sustained only if the facts alleged in the complaint do not support relief under any theory of law).